**Jacob SUISSA, Plaintiff,**

v.

**AMERICAN EXPORT LINES, INC., (f/k/a American Export Isbrandtsen Lines, Inc.), Defendant**

**No. 73 Civ. 1762 R.J.W.**

United States District Court,
S. D. New York.

Dec. 14, 1973.

**1114**

Klein, Cohen & Schwartzenberg, New York City, for plaintiff; Max Cohen, New York City, of counsel.

Lorenz, Finn, Giardino & Lambos, New York City, for defendant; Richard P. Lerner, New York City, of counsel.

ROBERT J. WARD, District Judge.

This is a seaman's action for overtime wages in the amount of $3,384.82 originally brought in New York Civil Court but claiming penalties for non-payment pursuant to 46 U.S.C. § 596. Defendant removed the case to this Court, invoking jurisdiction under 29 U.S.C. § 185 (commonly known as § 301 of the Labor Management Relations Act), and moved to dismiss the complaint pursuant to Rule 12(b), Fed.R.Civ.P., for failure to state a claim upon which relief could be granted. Since the motion was supported and opposed with affidavits it is treated as one for summary judgment pursuant to Rule 56.

29 U.S.C. § 185 has been held to authorize suits by an individual against an employer, pressing individual rights, so long as an allegation is made of breach by the union of its duty to fully and fairly represent the individual. Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Mere failure on the part of the union to follow the grievance procedure through arbitration is not such a breach of its duty of fair representation. *Id.* at 191, 87 S. Ct. 903. Were the court deciding this motion on the pleadings alone, it would not hesitate to dismiss the complaint with prejudice. However, plaintiff's affidavits contain allegations which, if more fully substantiated, might possibly support a contention of breach of the union's duty to represent him.

Plaintiff also argues that the claim for wages cannot be dismissed because it is before the court pursuant to 46 U.S.C. § 596, which, under United States Bulk Carriers v. Arguelles, 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456 (1971), affords seamen an alternate remedy to the grievance procedure on a claim for wages. The court notes first that the claim stated in the complaint pursuant to this section is only the very limited claim for a penalty for failure, without sufficient cause, to pay wages due. Moreover, defendant argues, and persuasively, that plaintiff is bound by an election of remedies and, having pursued the grievance procedure, cannot at this stage maintain an action under § 596.

The United States Supreme Court, in *Arguelles, supra,* held that the fact that a seaman's terms of employment were governed by a collective bargaining agreement did not preclude his pursuit of the statutory remedy under 46 U.S.C. § 596 even though he had not submitted his claim to the grievance procedure established in the collective bargaining agreement. In so holding, the Court carved out a narrow exception to the principle of Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), that before an employee can resort to the courts to enforce individual rights under a collective bargaining agreement he must first exhaust the grievance procedure provided in that agreement. In its discussion, the Court noted the tension between 29 U.S.C. § 185 and 46 U.S.C. § 596, and observed that the Court "often must legislate interstitially to iron out inconsistencies within a statute or to fill gaps resulting from legislative oversight or to resolve ambiguities resulting from a legislative compromise." *Arguelles, supra,*

400 U.S. at 354, 91 S.Ct. at 411. The Court considered the long tradition of federal courts' protection of the rights of seamen, in part expressed in 46 U.S. C. § 596, as well as the evolving policy in favor of collective bargaining and arbitration under 29 U.S.C. § 185. The Court indicated that the legislative history of the Labor Management Relations Act did not permit a conclusion that it was meant to supersede the ancient seaman's remedy in federal courts, and said, "[S]ince the history of § 301 is silent on the abrogation of existing statutory remedies of seamen in the maritime field, we construe it to provide only an optional remedy to them." *Id.* at 357, 91 S.Ct. at 413.

In the case before this Court, the seaman chose the route under the collective bargaining agreement and 29 U.S.C. § 185. Nothing in *Arguelles* can be read to indicate that, having so chosen, a seaman is exempt from the principles of *Maddox, supra,* or *Vaca, supra.* On the contrary, the Supreme Court expressed concern that policies favoring collective bargaining and non-judicial resolution of employment disputes continue to apply to seamen in maritime unions. *Arguelles, supra* at 357, 91 S.Ct. 409.

To permit a seaman who has chosen the route of the grievance procedure to satisfy a claim for wages, pursued it through several stages, and been dissatisfied with the results, then to sue in federal court on his separate statutory right under 46 U.S.C. § 596, would undercut the principles of finality and conclusiveness enunciated in *Maddox, supra,* and *Vaca, supra.* Moreover, it would not further the purposes of § 596. As Justice Harlan, concurring in *Arguelles,* stated,

> "[T]he very essence of the legislative policy at stake here is ensuring promptness in the payment of wages . . . In this circumstance, I think conflicting congressional policies are best reconciled by construing 46 U.S. C. § 596 and § 301 of the Labor Management Relations Act as securing to

the seaman an option to choose between arbitral and judicial forums where he states a claim under both the contract and 46 U.S.C. § 596." 400 U.S. at 366, 91 S.Ct. at 417.

In view of these considerations, this Court holds that plaintiff's initial resort to the grievance procedure for resolution of his wage dispute precludes his now pressing a claim in this forum under 46 U.S.C. § 596. Accordingly, defendant's motion to dismiss is granted without prejudice to plaintiff's filing an amended complaint stating a claim under 29 U.S.C. § 185.

It is so ordered.